

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UBS AG, UBS FINANCIAL SERVICES INC., and UBS SECURITIES LLC,<br><br>                Plaintiffs,<br><br>                v.<br><br>JEFFREY CHERNICK and SIMBA INTERNATIONAL, LTD.,<br><br>                Defendants. | No.<br><br>Judge<br><br> |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiffs UBS AG, UBS Financial Services Inc., and UBS Securities LLC ("Plaintiffs"), by its attorneys Mayer Brown LLP, as and for its Complaint in this action, alleges as follows:

1. On or about December 17, 2010, Defendant Jeffrey Chernick, purporting to act individually and on behalf of Defendant Simba International, Ltd. ("Simba"), filed a Statement of Claim (attached as Exhibit A) with the Financial Industry Regulatory Authority ("FINRA"), titled *Chernick v. UBS AG et al.*, FINRA No. 10-05660 (the "FINRA Proceeding"). This lawsuit is a federal-question action in which Plaintiffs—the Respondents in the arbitration—seek a preliminary and permanent injunction restraining Chernick from prosecuting that arbitration.

2. Chernick recently pleaded guilty in the Southern District of Florida to willfully filing a false tax return. He was sentenced to a term of imprisonment. In pleading guilty, he admitted that his tax evasion was willful and that he used "sophisticated means" to avoid taxes. In his Statement of Claim, by contrast, Chernick asserts that his unintended and unwitting tax evasion was the result of bad advice from one or more of the Plaintiffs, which he refers to without differentiation as "UBS." He contends that "UBS" is liable for $600,000 of investment losses and an additional $8.8 million in taxes, tax penalties, and other damages. The Statement of

Claim alleges that this "UBS" violated state and federal laws, including Section 5 of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934.

3. UBS AG, UBS Financial Services Inc., and UBS Securities LLC are each separate legal entities. Chernick does not allege that he had any account, customer, or arbitration agreement, or any relationship whatsoever, with UBS Financial Services Inc. or UBS Securities LLC. Nor did he. Neither has agreed with him to arbitrate these claims.

4. UBS AG is not a FINRA member and has not agreed, either with FINRA or with Chernick or Simba, to arbitrate these claims.

5. Consequently, there is no legal basis upon which any of the Plaintiffs can be forced to arbitrate the claims asserted in the Statement of Claim.

6. This issue is an appropriate basis for injunctive relief, because involuntary arbitration is irreparable harm as a matter of law. Accordingly, Plaintiffs respectfully request that this Court preliminarily and permanently enjoin Chernick and Simba from pursuing any arbitration against them in any forum.

*The Parties*

7. Plaintiff UBS AG is a banking institution, organized under the laws of Switzerland.

8. Plaintiff UBS Financial Services Inc. is a corporation, organized under the laws of Delaware.

9. Plaintiff UBS Securities LLC is a limited liability company, organized under the laws of Delaware.

10. Defendant Jeffrey Chernick is a natural person. Upon information and belief, he is a resident of New York State.

11. Upon information and belief, Defendant Simba International, Ltd. is a corporation, organized under the laws of Hong Kong. Upon information and belief, Chernick is an officer of Simba.

*Jurisdiction and Venue*

12. This is an action for injunctive relief pursuant to Federal Rule of Civil Procedure 65(b).

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, because this case relates to an arbitration in which Chernick asserts violations of federal law.

14. This Court has personal jurisdiction over Chernick because he brought his arbitral claims in this judicial district and because, upon information and belief, Chernick is a resident of New York State.

15. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this lawsuit occurred within this judicial district. In particular, Chernick brought his arbitral claims in this District.

*Factual Background*

16. On or about December 17, 2010, Chernick filed a Statement of Claim with FINRA, instituting arbitration proceedings against the Plaintiffs.

17. The Statement of Claim alleges that Chernick intended to make investments through an offshore vehicle, Defendant Simba, in order to avoid U.S. taxes. He alleges that, acting on the advice of "UBS," he nonetheless incurred tax liability, which he did not pay until after his name had been revealed in an IRS investigation. Though he admitted to the Southern District of Florida that he broke U.S. tax laws "willfully," Chernick's Statement of Claim states that he had no intention of violating the law and did not realize that he had done so.

18. The Statement of Claim presents this essential claim under a variety of names. It asserts that the bad tax advice provided by "UBS" constituted securities fraud, breached fiduciary duties and his account contract, and resulted from the failure by "UBS" to supervise its employees. The Statement of Claim also alleges that "UBS" recommended investments that were unsuitable for Chernick, a violation of FINRA Rule 2310. The Statement of Claim does not allege that "UBS" is a member of FINRA or is otherwise subject to FINRA's rules. The Statement of Claim further alleges that "UBS" sold unregistered securities and that unnamed affiliates and non-U.S. offices improperly failed to register as broker-dealers.

19. None of the Plaintiffs has or had any agreement to arbitrate with Chernick or Simba.

<u>Neither UBS Financial Services Inc. nor UBS Securities LLC agreed to arbitrate</u>

20. FINRA Rule 12200 requires FINRA members to arbitrate disputes with their "customers."

21. Neither Chernick nor Simba is now, or ever has been, a customer of UBS Financial Services Inc. or UBS Securities LLC. Therefore, FINRA Rule 12200 does not require either company to submit to FINRA arbitration as regarding disputes with Chernick or Simba.

<u>UBS AG did not agree to arbitrate</u>

22. UBS AG is not a member of FINRA. Therefore, FINRA Rule 12200 does not apply to UBS AG and does not require it to submit to FINRA arbitration.

23. Throughout the Statement of Claim, Chernick refers to all three of the Respondents—the Plaintiffs in this lawsuit—collectively as "UBS." The Statement of Claim does not distinguish the three companies.

24. Further, the Statement of Claim alleges that "UBS is a corporation that has its principal offices in Basel and Zurich, Switzerland." As noted above, UBS Financial Services Inc. and UBS Securities LLC each have their principal places of business in the United States.

25. Finally, the Statement of Claim attaches an "Account Agreement," which it describes as "Mr. Chernick's UBS Account Agreement." In fact, that exhibit is not an account agreement at all, but an instruction to UBS (Cayman Islands) Ltd. to close Simba's account by wiring the funds to UBS AG's Zurich, Switzerland branch.

26. Thus, notwithstanding the vague references to "UBS," the Statement of Claim in fact describes a relationship with UBS AG. It appears that UBS Financial Services Inc. and UBS Securities LLC are named as Respondents only to create the illusion of FINRA jurisdiction.

## CAUSE OF ACTION
### (Preliminary and Permanent Injunction)

27. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if set forth fully herein.

28. Chernick, individually and on behalf of Simba, has brought claims for compensatory, consequential, and punitive damages and various other fees and costs in the FINRA Proceeding and, upon information and belief, intends to pursue those claims to judgment unless enjoined.

29. Chernick and Simba are not entitled to arbitrate any dispute with any of the Plaintiffs, because none of the Plaintiffs have consented to arbitration with either of them.

30. In particular, Chernick and Simba are not entitled to arbitrate any dispute with UBS AG, because UBS AG is not a FINRA member.

31. Further, Chernick and Simba are not entitled to arbitrate any dispute with UBS Financial Services Inc. or UBS Securities LLC, because neither Chernick nor Simba was ever a customer of those companies within the meaning of FINRA Rule 12200.

32. The Plaintiffs cannot properly be compelled to arbitrate, because none of them consented to arbitration. Nonconsensual arbitration is irreparable harm as a matter of law.

33. Accordingly, the legal standards for preliminary and permanent injunctive relief in Federal Rule of Civil Procedure 65 are satisfied, and Chernick and Simba should be enjoined from proceeding with the FINRA Proceeding.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court preliminarily and permanently enjoin Chernick and Simba from proceeding with arbitration against them in any forum, award Plaintiffs their costs and attorneys' fees, and grant such other relief as the Court deems just and proper.

Dated:   New York, New York
         March 1, 2011

MAYER BROWN LLP
Mark G. Hanchet
Christopher J. Houpt
Allison Stowell
1675 Broadway
New York, New York  10019
(212) 506-2500

*Attorneys for Plaintiffs*
*UBS AG, UBS Financial Services Inc.,*
*and UBS Securities LLC*